UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 1:06CR564 |
|---|---|---|
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| MARIO TAYLOR, | ) | **OPINION AND ORDER** |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on the Motion (Doc. 216) of Defendant Mario Taylor to Reduce Sentence Under Section 404 of the First Step Act. For the following reasons, the Motion is **DENIED**.

**I. BACKGROUND FACTS**

On February 6, 2007, Defendant pleaded guilty to Count 1, Conspiracy to Distribute Cocaine Base, in violation of 21 U.S.C. § 846 and 841(b)(1)(B); and Count 4, Possession of Cocaine Base with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). Regarding Count 1, Defendant admitted in his Plea Agreement to possessing 42.03 grams of cocaine base ("crack cocaine"). With respect to Count 4, Defendant admitted to possessing between 5 and 50 grams of crack cocaine. On May 7, 2007, the Court sentenced Defendant to

262 months imprisonment and 8 years supervised release.

On December 21, 2018, President Trump signed into law the First Step Act of 2018.[1] Section 404 of the First Step Act "applies retroactively the Fair Sentencing Act of 2010 which reduced mandatory minimum penalties for crack cocaine offenses."[2]

On March 11, 2019, Defendant filed his Motion seeking relief under the First Step Act. (Doc. 216). The Government filed its Opposition on March 21, 2019. (Doc. 217).

## II. LAW AND ANALYSIS

### A. Standard of Review

Generally, federal courts may not modify an individual's term of imprisonment. 18 U.S.C. § 3582(c). An exception to this general rule is contained in 18 U.S.C. § 3582(c)(1)(B). Under this Section, a court may "modify an imposed term of imprisonment to the extent otherwise permitted by statute..." *Id.* at § 3582(c)(1)(B). The First Step Act of 2018 is such a statute that permits the modification of an individual's term of imprisonment.[3]

"A court that imposed a sentence for a 'covered offense' may...impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010...were in effect at the time the covered offense was committed." First Step Act of 2018, PL 115-391, Dec. 21, 2018, 132 Stat 5194 (hereafter "First Step Act"), § 404(b) (internal citations omitted). A "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010...that was committed before August 3,

---

[1] United States Sentencing Commission, ESP Insider EXPRESS, Special Edition: First Step Act, 1 (Feb. 2019), *available at* https://www.ussc.gov/about/news/commission-newsletters.

[2] *Id.*

[3] *Id.*, at 8.

2010." *Id.* at § 404(a) (internal citations omitted).

There are a few limitations before a court may reduce a sentence under the First Step Act. Specifically, a court cannot reduce a sentence (1) if the court previously reduced defendant's sentence under the Fair Sentencing Act; or (2) if a defendant previously moved under the First Step Act and a court denied the defendant's motion on the merits. *Id.* at § 404(c). Further, a court's decision to reduce a sentence is discretionary with the Court. *Id.* ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section").

### B.     Applicability of First Step Act

The First Step Act applies to Defendant. Defendant committed a "covered offense" in that he pleaded guilty to a violation of 21 U.S.C. § 841. Section 2 of the Fair Sentencing Act increased the drug quantities triggering mandatory minimums for crack cocaine offenses. Further, Defendant committed the offense before August 3, 2010. Finally, the Court has neither (1) reduced Defendant's sentence under the Fair Sentencing Act; nor (2) denied a previous motion of Defendant under the First Step Act. Accordingly, Defendant is eligible for a reduced sentence under the First Step Act.

### C.     Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(B)

Section 3582(c)(1)(B) allows a court to modify an imposed term of imprisonment to the extent expressly permitted by statute. 18 U.S.C. § 3582(c)(1)(B). The First Step Act "expressly permit[s]" a court to modify an imposed sentence. First Step Act, § 404(b). That express permission authorizes the Court to apply amended statutory penalties as if they "were in effect *at the time the covered offense was committed*." *Id.* (emphasis added). Furthermore, unlike § 3582(c)(2), there is no mandate to consider § 3553(a) factors when reducing a sentence under §

3582(c)(1)(B). *See generally*, 18 U.S.C. § 3582(c).

Additionally, an inmate entitled to a reduction under § 3582(c) is not entitled to a plenary re-sentencing proceeding. *See United States v. Charles*, 901 F.3d 702, 704 (6th Cir. 2018) (citing *Dillon v. United States*, 560 U.S. 817, 825-26 (2010)). The Federal Rules of Criminal Procedure further support this position, as a defendant's presence is not required when the "proceeding involves the correction or reduction of a sentence under...18 U.S.C. § 3582(c)." FED. R. CRIM. P. 43(b)(4). Accordingly, the Court does not have to hold a re-sentencing hearing.

After applying the reduced statutory penalties to the facts as they existed at the time of Defendant's offense, the Court declines to reduce Defendant's sentence. At the time of sentencing in 2007, Defendant had a lengthy criminal record. His criminal record earned him the designation as a career-offender under U.S.S.G. § 4B1.1. This remains true even when the current statutory penalties are applied retroactively because the First Step Act did not change the applicability of the career-offender designation. *See generally*, *United States v. Lawson*, 2019 WL 1959490, *3 (N.D. Ohio May 2, 2019) (Lioi, J.).

Due to Defendant's prior convictions, the current statutory penalty for Count 1 is 10 years to life. 21 U.S.C. § 841(b)(1)(B)(iii). While Defendant's base offense level would be lowered under the current statutory penalties, his career-offender designation still increases his total offense level to 37. This is the same offense level determined at his original sentencing. After factoring in certain reductions, Defendant's total offense level remains the same, 34, with a Guideline range of 262 to 327 months. The Court sentenced Defendant to the low end of the range in 2007 and will maintain the same in 2019.

Finally, the Court will not reduce Defendant's term of Supervised Release.  With respect to Count 1, a term of at least 8 years supervised release is required if the Court imposes a sentence of imprisonment.  *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851.  The Court previously ordered 8 years of Supervised Release at Defendant's initial Sentencing.  Accordingly, the Court cannot and will not reduce Defendant's term of Supervised Release.

### III. CONCLUSION

Since Defendant's designation as a career-offender remains the same even after applying the reduced statutory penalties and Defendant's term of Supervised Release has not been impacted, the Court **DENIES** Defendant's Motion under § 404 of the First Step Act.

**IT IS SO ORDERED.**

                                                <u>s/ Christopher A. Boyko</u>
                                                **CHRISTOPHER A. BOYKO**
                                                **United States District Judge**

**Dated: June 27, 2019**